IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARDELL WALKER, Jr., #M53100,           )
                                        )
       Plaintiff,                      )
                                        )
vs.                                     )   Case No. 19-cv-00664-SMY
                                        )
CHRISTOPHER THOMPSON,                   )
                                        )
       Defendant.                      )

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Ardell Walker, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement at Pinckneyville. (Doc. 1, pp. 5-6, 8). Plaintiff complains about his placement in an unsafe and unsanitary cell. (*Id.*). He seeks money damages and release from confinement.[1] (*Id.* at p. 9).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Release from confinement is not an available remedy under 42 U.S.C. § 1983. To the extent Plaintiff seeks release, he should file a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, after first exhausting his available state court remedies. **The request for this relief should be considered dismissed without prejudice from this action.**

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff has been diagnosed with a seizure disorder and takes medication to manage the condition. (Doc. 1, pp. 5-6, 8). Despite this diagnosis, he was placed in a single cell without a cellmate at Pinckneyville on May 3, 2019. (*Id*.). Two days later, he suffered a seizure that caused him to fall and bruise his face. (*Id*.). When Plaintiff regained consciousness, he discovered that no one was in the area to assist him. (*Id*.).

Plaintiff filed an emergency grievance with Warden Thompson 25 days later on May 30, 2019. (*Id*.). He pointed out that he could have suffered more serious injuries, including death on May 5, 2019. (*Id*.). He also complained about his dirty cell and the lack of available cleaning supplies. (*Id*.). Plaintiff did not request any relief such as a cellmate, a cell transfer, medication adjustment, or cleaning supplies. (*Id*.). Warden Thompson denied the emergency grievance on June 4, 2019 and instructed Plaintiff to resubmit it in the normal manner. (*Id*. at p. 5). Plaintiff filed this action the same month. (*Id*. at p. 9).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* Complaint into the following Counts:

**Count 1:** Eighth Amendment claim for unconstitutional conditions of confinement against Warden Thompson for allowing Plaintiff to be placed in a single cell without a cellmate despite his diagnosis with a seizure disorder at Pinckneyville on May 3, 2019.

**Count 2:** Eighth Amendment claim for unconstitutional conditions of confinement against Warden Thompson for allowing Plaintiff to be placed in a dirty cell without access to cleaning supplies at Pinckneyville on May 3, 2019.

**Count 3:** Eighth Amendment deliberate indifference to medical needs claim against Warden Thompson for ignoring Plaintiff's need for additional medical treatment for his seizure disorder following his seizure on May 5, 2019.

**Count 4:** Fourteenth Amendment due process claim against Warden Thompson for denying, delaying, or otherwise mishandling Plaintiff's emergency grievance dated May 30, 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant will not be liable unless he or she "caused or participated" in a constitutional deprivation. *Id*. None of Plaintiff's claims survive screening under this standard.

### Counts 1 and 2

When evaluating claims of unconstitutional conditions of confinement under the Eighth Amendment, the Court conducts an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective inquiry focuses on the seriousness of the deprivation and requires the plaintiff to demonstrate that he was denied the "minimal civilized measure of life's necessities." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Plaintiff's allegations refer to placement in a single cell (Count 1) and a dirty cell (Count 2). As described, neither condition is objectively serious.

The subjective inquiry focuses on the state of mind of the defendant and whether he or she acted with deliberate indifference. *Farmer*, 511 U.S. at 837. This standard is satisfied if a defendant knows of and disregards an excessive risk to an inmate's health or safety. *Id*. The defendant must have knowledge of the risk in time to act. Plaintiff's allegations suggest that Warden Thompson learned about Plaintiff's cell placement and his seizure more than three weeks

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

after he was placed in the cell. Even then, Plaintiff sought no specific relief in the emergency grievance. He did not request a cellmate, a cell transfer, a medication adjustment, or any cleaning supplies. Given these considerations, Plaintiff's allegations are insufficient to state a viable deliberate indifference claim. Counts 1 and 2 will therefore be dismissed without prejudice for failure to state a claim.

**Count 3**

An Eighth Amendment claim for the denial of medical care arises when prison officials respond to an inmate's objectively serious medical condition with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff's seizure disorder is sufficiently serious to support a claim at screening, particularly since his medication appears to be ineffective at controlling the condition. *See, e.g., Hudson v. McHugh*, 148 F.3d 859 (7th Cir. 1998) (unmedicated epilepsy poses serious threat to inmate's health and safety). That said, the allegations do not suggest that Warden Thompson responded to Plaintiff with deliberate indifference when he denied an emergency grievance filed 25 days after Plaintiff's seizure and where Plaintiff seeks no adjustment to his medication and no additional medical care. Accordingly, Count 3 will also be dismissed without prejudice for failure to state a claim upon which relief may be granted against Warden Thompson.

**Count 4**

No independent Fourteenth Amendment due process claim arises from the Warden's denial of Plaintiff's emergency grievance. Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Count 4 will be dismissed with prejudice.

**Disposition**

**COUNTS 1, 2,** and **3** are **DISMISSED** without prejudice and **COUNT 4** is **DISMISSED** with prejudice, all for failure to state a claim for relief against Defendant **CHRISTOPHER THOMPSON**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 3, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-000664-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended Complaint generally supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d

632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/4/2019**

                                            s/ Staci M. Yandle
                                            **STACI M. YANDLE**
                                            **United States District Judge**