**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ARDELL WALKER, JR., #M53100,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 19-cv-664-SMY |
| **OFFICER HARRIS, JOHN DOE #1 DOCTOR, and JOHN DOE #2,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ardell Walker, Jr., an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He alleges deliberate indifference in the treatment of his injury after a fall in his cell, in violation of the Eighth Amendment, and seeks monetary damages.

This case is now before the Court for preliminary review of the Second Amended Complaint (Doc. 15) [1] pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint: Plaintiff was

---

[1] Plaintiff's first two Complaints (Docs. 1 and 9) were dismissed for failure to state a claim (Docs. 8 and 12).

1

placed in a single-man cell on May 3, 2019 (Doc. 15, p. 6). On May 5, 2019, he suffered a seizure and fell, bruising his face. He tried to inform Officer Harris about his injuries, but Harris did nothing. Plaintiff later spoke to John Doe Doctor, but he also did nothing for Plaintiff's injuries (*Id.*).

Also, Plaintiff's cell was dirty, dusty, and infected with bugs, but John Doe Staff did not provide him with any cleaning supplies (*Id.*).

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to organize the *pro se* action into the following Counts:

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Officer Harris and John Doe #1 Doctor for failing to provide him with medical care after his seizure.
>
> **Count 2:** Eighth Amendment deliberate indifference to his conditions of confinement claim against John Doe Staff for failing to provide him with cleaning supplies for his cell.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Discussion

### Count 1

Plaintiff adequately states a claim against Officer Harris and John Doe #1 Doctor in Count 1 for failing to provide him with care after his seizure. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Cir. 2012) (delay in treatment). The Court will add the current warden of Pinckneyville, Jeff Dennison, as a defendant in his official capacity only for purposes of identifying John Doe #1.

### Count 2

Plaintiff fails to state a claim in Count 2. He refers to staff/John Doe but fails to provide any identifying information. Nor does he indicate whether he is referring to one staff member or several. Identifying a group of individuals as a defendant is improper. Instead, to state a colorable § 1983 claim against an individual or entity, Plaintiff must specifically identify them by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).

Additionally, Plaintiff does not associate his claims with any particular individual; simply referring to John Doe staff is not enough. That is because § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Finally, Plaintiff fails to indicate when he experienced the alleged unconstitutional conditions or when and from whom (i.e. John Doe Correctional Officer #1, John Doe Lieutenant, etc.) he was denied cleaning supplies. Without more information, Plaintiff fails to state a claim. As such, Count 2 will be dismissed.

### Disposition

Count 1 shall proceed against Officer Harris and John Doe #1 Doctor. Jeff Dennison, in his official capacity as the Warden of Pinckneyville Correctional Center, is **ADDED** to the case for purposes of identifying John Doe #1. Count 2 against John Doe #2 Staff is **DISMISSED without prejudice** and the Clerk is **DIRECTED** to **TERMINATE** John Doe #2 Staff from the

docket.

The Clerk of Court shall prepare for Defendants Officer Harris and Jeff Dennison (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.  Jeff Dennison, who is only in the case in his official capacity to help identify John Doe #1, does not need to file a responsive pleading, and will receive information for identifying the John Doe at a later date.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of

whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  JUNE 22, 2020**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Second Amended Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Second Amended Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**